UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BALJINDER SINGH,**<br><br>*Petitioner*,<br><br>v.<br><br>**ACTING FIELD OFFICE DIRECTOR, OF THE EL PASO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS/HER OFFICIAL CAPACITY; WARDEN OF THE ERO EL PASO EAST MONTANA, IN HIS/HER OFFICIAL CAPACITY; KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, IN HER OFFICIAL CAPACITY; TODD M. LYONS, ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY; and PAMELA BONDI, ATTORNEY GENERAL OF THE UNITED STATES, IN HER OFFICIAL CAPACITY,**<br><br>*Respondents*. | No. 3:26-CV-00388-LS |

### ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Baljinder Singh filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed a motion for a temporary restraining order.[2] For the following reasons, the Court denies Petitioner's motion.

**I.     LEGAL STANDARD.**

The elements required to grant a motion for injunctive relief are:

---

[1] ECF No. 1.
[2] ECF No. 2.

(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[3]

When the government is the opposing party, the third and fourth elements merge.[4] The district court has discretion as to whether to grant or deny injunctive relief.[5]

## II.   ANALYSIS.

"The purpose of a preliminary injunction [or temporary restraining order] is not to give the plaintiff the ultimate relief it seeks."[6] Instead, it "is to preserve the *status quo* and prevent irreparable injury until the court renders a decision the merits."[7] Petitioner requests that a temporary restraining order be issued to require Respondents to release him.[8] But the ultimate relief he seeks is also release from custody.[9] The Court can only preserve the *status quo*, not provide Petitioner with the ultimate relief requested.

## III.   CONCLUSION

For this reason, Petitioner's motion [ECF No. 2] is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on February 11, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).
[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[6] *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996).
[7] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. 2022).
[8] ECF No. 2 at 7.
[9] ECF No. 1 at 12.